IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Manuel Cruz Favela,

      Plaintiff,

v.                                                        Civ. No. 03-0039MV/WWD
                                                                Cr. No.

Tim LeMaster,

      Respondent.

**MAGISTRATE JUDGE'S PROPOSED**
**<u>FINDINGS AND RECOMMENDED DISPOSITION</u>**[1]

    1.     This matter comes before the Court on Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 by a Person Attacking a State Detainer. Petitioner is proceeding *pro se* and *in forma pauperis* and requests immunity from deportation until a civil case he has filed against the Las Cruces Police Department is heard.

    2.     On December 17, 2001, Petitioner entered into a DWI Repeat Offender Plea and Disposition Agreement and agreed to plead to guilty to the following offenses: Aggravated Driving While Under the Influence of Intoxicating Liquor or Any Drug (Refusal), Resisting, Evading or Obstructing an Officer, Driving While License Suspended or Revoked, and Battery, all occurring on or about September 22, 2000. On that same date, he entered into second DWI Repeat Offender Plea

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the en-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

and Disposition Agreement wherein he agreed to plead guilty to the following offenses: Aggravated Driving While Under the Influence of Intoxicating Liquor or Drugs (Refusal), No Proof of Insurance and Driving While License Suspended or Revoked, all occurring on or about June 23, 2001.

3. Petitioner was subsequently confined pursuant to a Judgment, Order and Commitment to the Corrections Department of the Third Judicial District, County of Dona Ana, CR-01-0097, for the crimes occurring on or about September 20, 2000, and a second Judgment, Order and Commitment, CR-01-0932, for the crimes occurring on or about June 23, 2001. Petitioner was sentenced to a total incarceration period of two (2) years and six (6) months, minus one (1) day to be follow by one (1) year parole. The sentence imposed in CR-01-0097 was to be served concurrent to the same sentence that imposed was imposed in CR-01-0932. Petitioner completed his sentence on February 21, 2003.

4. During his incarceration, the U.S. Immigration & Naturalization Service (INS) submitted an Immigration Detainer – Notice of Action to the Central New Mexico Correctional Facility, where Petitioner was incarcerated. Respondent alleges that Petitioner was put on a "courtesy hold" for INS and was picked up by INS on February 25, 2003.

5. On October 25, 2002, Petitioner filed a civil complaint in the Third Judicial District Court, State of New Mexico, County of Dona Ana, captioned *Manuel Favela v. City of Las Cruces Police Department,* CV-02-1401. In that complaint, Petitioner alleges that two police officers employed by the Las Cruces Police Department used excessive force against him during his arrest on September 20, 2000. Petitioner has requested that damages be awarded to him in the amount of $210,045.19 plus future medical expenses. In his civil complaint, Petitioner makes no claims that he is innocent of the crimes he was charged with and subsequently pled guilty to.

6. In his §2241 petition, Petitioner does not allege that the INS Detainer is invalid but

requests that he be granted temporary immunity from deportation until his civil case comes before the Third Judicial District Court. Contrary to the plea agreement signed by Petitioner on December 17, 2001, Peititioner contends in his §2241 petition that he was not intoxicated at the time of the September 20, 2000, incident.

7. I agree with Respondents that Petitioner's application fails on several grounds. First, Petitioner fails to establish any grounds for habeas relief. 28 U.S.C. §2241 petitions are used to attack execution of a sentence. *Bradshaw v. Story*, 86 F.3d 164 (10th Cir. 1996). A writ of habeas corpus shall not extend to a state prisoner unless he is in "custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). In the instant case, Petitioner does make any allegations that his constitutional rights have been violated. Petitioner's claim that he is entitled to immunity from deportation, with nothing more, is not a cognizable claim in a federal habeas corpus action. This is particularly true when there has been no order of deportation entered.

8. Secondly, this Court does not have jurisdiction to hear this matter. For a court to have jurisdiction to consider an application made under 28 U.S.C. §2241, the petitioner must be "in custody" at the time he files his petition for the conviction or sentencing he wishes to challenge. *Zolicoffer v. U.S. Dept. of Justice*, 315 F.3d 538 (5th Cir. 2003). The filing of a detainer, in and of itself, does not cause a prisoner to come into custody for purposes of a writ of habeas corpus. Because there is no actual claim to the individual following the completion of his sentence, there is no custody. *Campillo v. Sullivan,* 853 F.2d 593 (5th Cir. 1988). Furthermore, a writ of habeas corpus is only to be directed to the person having current custody of the prisoner. *Galaviz-Medina v. Wooten*, 27 F.3d 487 (10th Cir. 1994) *citing* 28 U.S.C. §2243.

9. This Court has no jurisdiction to hear Petitioner's application as Petitioner was not in Respondent's custody for issues regarding deportation. Petitioner was in Respondent's custody

pursuant to guilty pelas entered into by Petitioner in state court.  Respondent's custody of Petitioner had nothing to do with any potential deportation order by the INS.

      10.     Even if this Court originally had jurisdiction to hear this matter, which it didn't, the matter has become moot as Petitioner has been released into the custody of the INS and is no longer in the custody of the Respondent.  *Campillo v. Sullivan*, 853 F.2d 593 (8th Cir. 1988).  Absent custody by the authority against whom relief is sought, there is no jurisdiction to grant the writ.  *Id.*

      11.     Based on the foregoing, I recommend that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. §2241 be DENIED, and that this cause be dismissed with prejudice.

 

_____
UNITED STATES MAGISTRATE JUDGE